UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMAL SMALL, | : | |
| Plaintiff, | : | No. 3:18-cv-1731 (KAD) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL CLEMENTS, et al., | : | |
| Defendants. | : | |

# INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Jamal Small ("Small"), currently confined at Willard-Cybulski Correctional Institution in Enfield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 challenging his medical care. The named defendants are Dr. Michael Clements, Nurse Shannon T. Duncan, Health Services Administrator Margo Griffin, Dr. Cary Freston, and medical staff member Jane Doe. Small seeks damages from the defendants in their individual and official capacities. The complaint was received on October 18, 2018, and Small's motion to proceed *in forma pauperis* was granted on October 26, 2018.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

[they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On June 8, 2018, Small injured his left hand while playing basketball with other inmates in the outdoor recreation yard at Willard-Cybulski Correctional Institution. Small felt a bone snap and experienced severe pain. He informed custody staff and was permitted to go to the medical unit. Small's left hand was swollen, and a severe deformity was visible on top of his hand. The deformity indicated a closed fracture within the hand.

At the medical unit, Nurse Duncan looked at Small's hand and gave him ice and an ace bandage. She did not have Small transferred to another correctional facility or outside hospital for emergency care. Nurse Duncan ordered Small to return to his housing unit and to take Motrin for pain. Nurse Duncan told him that his hand would be x-rayed on June 11, 2018.

Small's hand was x-rayed on June 15, 2018. Small experienced pain for one week with no medical intervention. During the week, Small submitted several requests to the medical unit complaining of pain and lack of treatment. Dr. Freston did not order that Small be taken for emergency treatment on June 8, 2018, or provide any medical care between June 8, 2018, and

2

June 15, 2018.

The x-ray showed "a nondisplaced oblique fracture through the proximal diaphysis of the third metacarpal." After reviewing the x-ray on June 15, 2018, Dr. Clements ordered a "flimsy brace." Small considered the brace inappropriate. Dr. Clements ordered a follow-up x-ray to be taken in thirty days. Small never received the follow-up x-ray. The break healed improperly. As a result, Small's hand is permanently disfigured and causes him pain on a regular basis.

Margo Griffin is the Health Services Administrator at Willard-Cybulski Correctional Institution. Her responsibilities include the administrative overview of the medical department and responding to administrative remedies filed by inmates at the facility. Small filed a Health Services Administrative Remedy on June 21, 2018. His complaint was ignored. He did not meet with a doctor as required under Department of Correction Administrative Directive 8.9. In fact, he received no response to his grievance until October 2, 2018.

**Discussion**

Small alleges that Dr. Clements, Dr. Freston, and Nurse Duncan were deliberately indifferent to his serious medical need. He also alleges that Health Services Administrator Griffin did not ensure that his administrative remedy was properly addressed. Small alleges that the remedy was denied by "an unnamed staff Administrative Remedy Coordinator." ECF No. 1 at 3, ¶ 4. As there is no other reference to Jane Doe in the allegations, the Court assumes that this unnamed person is defendant Jane Doe.

<u>Official Capacity</u>

Small has named the defendants in individual and official capacities but specifies only damages in his prayer for relief. The Eleventh Amendment bars claims for damages against a

state official in his official capacity unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Small has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, all claims against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Deliberate Indifference to Serious Medical Needs

"The Eighth Amendment forbids deliberate indifference to serious medical needs of prisoners." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). To establish a claim for deliberate indifference to a serious medical need, the plaintiff must demonstrate that the alleged deprivation of adequate medical care was sufficiently serious. This is an objective inquiry and requires the court to determine, first, "whether the prisoner was actually deprived of adequate medical care" and, second, "whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). A condition is considered serious if "a reasonable doctor or patient would find [it] important and worthy of comment," the condition "significantly affects an individual's daily activities," or if it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted).

In addition, the plaintiff must establish that the defendant was actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin*, 467 F.3d at 279-80. This is a subjective inquiry. Mere negligence does not constitute deliberate indifference. *Id.* at 280. Nor does a disagreement over proper treatment or diagnosis create a constitutional claim as long as the treatment was adequate. *Estelle v. Gamble*,

4

429 U.S. 97, 107 (1976); *Chance*, 143 F.3d at 703; *see also Hathaway v. Coughlin*, 37 F.3d 63, 70 (2d Cir. 1994) ("We do not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, we will not second guess the doctors.").

Small suffered the fracture of a bone in his hand. While courts generally hold that a broken finger is not serious, broken bones in the hand are considered serious medical needs. *See Vining v. Department of Corr.*, No. 12 Civ. 3267(JPO), 2013 WL 2036325, at *4-5 (S.D.N.Y. Apr. 5, 2013) (holding that broken bone in hand is a serious medical need, while a broken finger is not, and citing cases supporting that determination); *see also Royal v. Annucci*, No. 16 CV 6517(VB), 2017 WL 3207805, at *5 (S.D.N.Y. July 27, 2017) ("Courts in this circuit have found hand injuries, including broken bones, to constitute a sufficiently serious medical injury."). The Court concludes that Small had a serious medical need.

Small injured his hand on the evening of Friday, June 8, 2018. He alleges that Nurse Duncan saw him in the medical unit, gave him ice and an ace bandage, advised him to take Motrin for pain, and told him that he would receive an x-ray on June 11, 2018, the following Monday. Small contends that he should have been sent to another correctional facility or outside hospital for immediate emergency care. He also alleges that Dr. Freston did not order that he be taken for emergency care on the evening he was injured. The Court infers that Small is alleging that Nurse Duncan conferred with Dr. Freston or that Dr. Freston was otherwise advised regarding Small's injury.

"[T]he question of whether an X-ray - or additional diagnostic techniques or forms of treatment - is indicated is a classic example of a matter for medical judgment. A medical

5

decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice...." *Estelle,* 429 U.S. at 107; *see also Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (prisoner's "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention [with regard to the treatment of his broken finger], are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment."). Similarly, a seventeen-day delay between the onset of an inmate's apparent wrist fracture and the provision of an x-ray and cast has been held, as a matter of law, not to constitute deliberate indifference. *Miles v. County of Broome*, No. 3:04-CV-1147, 2006 WL 561247 (N.D.N.Y. Mar. 6, 2006) (granting defendants' motion for summary judgment on deliberate indifference claim); *see also Rodriguez v. Ames*, 224 F. Supp. 2d 555, 563 (W.D.N.Y. 2002) (holding that failure to diagnose fractured hand for fifteen days after first medical visit did not constitute deliberate indifference to serious medical need where defendant examined plaintiff and prescribed pain medication).

Small waited seven days for the x-ray of his hand. The decisions not to arrange for an immediate x-ray or prescribe a stronger pain medication than Motrin during that week, demonstrate, at most, a disagreement over treatment which is not cognizable under section 1983. The claims against Nurse Duncan and Dr. Freston are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

As to Dr. Clements, Small alleges that, following the x-ray, Dr. Clements issued him an inappropriate "flimsy brace" rather than a cast. ECF No. 1 at 8, ¶ 18. As a result, the fracture

6

healed improperly leaving his hand deformed. Small also alleges that Dr. Clements failed to ensure that the follow-up x-ray he had ordered was performed. The decision to treat the fracture with a brace rather than a cast appears to be a disagreement over treatment. Such disagreements are not cognizable under section 1983, so long as the treatment provide is adequate. *See Chance*, 143 F.3d at 703; *see also Royal*, 2017 WL 3207805, at *6 (adequate but ineffective treatment insufficient to establish deliberate indifference). Based on the allegations, the Court cannot determine whether the treatment provided by Dr. Clements was adequate but allegedly ineffective or inadequate so as to implicate is 8th Amendment rights. Accordingly, the claim against Dr. Clements will proceed to enable Small to further develop the record.

Administrative Remedy

Small's claims against defendants Griffin and Doe relate to their handling of his administrative remedy. Inmates have no constitutional entitlement to grievance procedures or to receive a response to a grievance. *See Kalican v. Dzurenda*, No. 3:12-cv-1009(SRU), 2015 WL 1806561, at *6 (D. Conn. Apr. 21, 2015) (no constitutional entitlement to receive responses to grievances); *Young v. Tryon*, No.12-CV-6251CJS , 2015 WL 309431, at *14 (W.D.N.Y. Jan. 23, 2015) ("[T]he law is clear that [inmates] ha[ve] no constitutional right to have [their] grievances processed at all, or if processed, to have the procedure done properly."); *see also Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. 2000) (holding inmate had no constitutional right to effective prison grievance procedure and defendants' failure to properly respond to grievance was not a cognizable claim). As Small has no constitutional right to have his administrative remedies processed properly (or at all), his claims against defendants Griffin and Doe fail as a matter of law and are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Orders**

For all the foregoing reasons, the claims against all defendants in their official capacities are **DISMISSED**. The claims against defendants Duncan, Freston, Griffin, and Doe in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. Clements.

The Court enters the following additional orders:

(1) **The Clerk shall** verify the current work address of Dr. Clements with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) T**he Clerk shall** send Small a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Small changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Small must give notice of a new address even if he is incarcerated. Small should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Small has more than one pending case, he should indicate all the case numbers in the notification of change of address. Small should also notify the defendant or the attorney for the defendant of his new address.

(9) Small shall utilize the Prisoner Efiling Program when filing documents with the court. Small is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of October 2018.



/s/

Kari A. Dooley
United States District Judge