UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMAL SMALL,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    CASE NO. 3:18-cv-1731 (KAD) |
| MICHAEL CLEMENTS, et al.,<br>      Defendants. | :<br>:<br>: |

**MEMORANDUM OF DECISION RE:**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Preliminary Statement**

The *pro se* plaintiff, Jamal Small ("Small"), an inmate in the custody of the Department of Correction (DOC), brings this civil rights action Dr. Michael Clements, a DOC medical provider, in his individual capacity. He alleges that Dr. Clements was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. The Defendant seeks summary judgment on the ground that the Plaintiff's claim is merely a disagreement over medical treatment and does not therefore rise to the level of an Eighth Amendment violation. For the following reasons, the motion for summary judgment is GRANTED.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are

material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Facts[1]**

---

[1] The facts are taken from the defendant's Local Rule 56(a)1 Statement and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving

Small was a sentenced inmate confined at the Willard-Cybulski Correctional Institution ("WCCI") at the time of the injury underlying this action. Def.'s Rule 56(a)1 Statement, Doc. No. 29-2, ¶¶ 2-3. Small has no medical or emergency services training. *Id.* ¶ 4.

Dr. Clements is a board-certified physician licensed to practice medicine in Connecticut. *Id.* ¶¶ 5-6. He has been providing medical care to Connecticut inmates since 2008. *Id.* ¶ 7. Dr. Clements was Small's primary treating physician while he was confined at WCCI. *Id.* ¶ 8.

On June 8, 2018, Small injured his left hand while playing basketball. *Id.* ¶ 9. He sought treatment from the medical unit that same day. *Id.* ¶ 10. A nurse assessed Small's needs and notified the on-call physician. *Id.* ¶ 12. Small was able to move his hand, wrist, and fingers. *Id.* ¶ 11. The nurse recommended treatment with Motrin, ice, and an ACE bandage. *Id.* ¶ 13. The on-call doctor also ordered that an x-ray be taken of Small's hand. *Id.* ¶ 14. At this time, Small also had been diagnosed with an "as-yet uncorrected hernia and unexplained hematuria (blood in his urine)." *Id.* ¶ 15.

Small met with a nurse on June 11, 2018. She noted that he had good range of movement in his hand, instructed Small about Motrin use for pain, and noted a pending order for an x-ray of his left hand. *Id.* ¶ 16. The June 15, 2018 x-ray showed a nondisplaced oblique fracture through the proximal diaphysis of the third metacarpal. *Id.* ¶ 17. Small met with Dr. Clements the same

---

party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)2 and 56(a)3. Although the defendants informed Small of this requirement, Doc. No. 29-7, he has not submitted the required Local Rule 56(a)2 Statement. Accordingly, the defendant's facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact.").

day to discuss the x-ray results. Dr. Clements prescribed a foam hand splint and a follow-up x-ray. *Id.* ¶ 18. The foam splint consisted of a thick piece of foam with Velcro wraps to secure it to the hand. *Id.* ¶ 19. The splint extended from about five inches down the wrist to the knuckles of the hand and over the thumb. *Id.*

Small submitted an inmate request form dated June 15, 2018 to the medical unit, seeking a copy of his medical records and asking to see the doctor because he was experiencing pain in his hand. *Id.* ¶ 20. The request was received on June 17, 2019. *Id.* Small met with Dr. Clements on June 19, 2018. *Id.* ¶ 21. The doctor noted that the hand was healing well. *Id.* The medical records contain no indication that Small complained about the splint. *Id.*

On June 27, 2018, the medical unit received a health services review request dated June 21, 2018, seeking a review of Small's diagnosis and treatment. *Id.* ¶ 22. Small described his treatment to that point, stating that he had been prescribed a "wrist brace" for his broken hand and claiming that he had not been provided appropriate medical treatment. *Id.* ¶ 23.

Small met with nurses on June 19, June 20, July 3, July 9, and September 13, 2018 for medical complaints unrelated to his hand injury. *Id.* ¶ 24. The medical records of these visits contain no reference to complaints relating to Small's hand or splint. *Id.* Small met with Dr. Clements on August 17, August 30, September 5, and September 17, 2018 for medical complaints unrelated to his hand injury. *Id.* ¶ 25. Medical records for these visits also contain no mention of complaints regarding Small's hand or the splint. *Id.*

Small had a follow-up x-ray on July 19, 2018. *Id.* ¶ 26. The x-ray showed that the fracture was minimally displaced but healing, the joint spaces were normal, and there were no soft tissue abnormalities. *Id.* ¶ 27.

Small met with Dr. Clements on November 8, 2018 about his hand injury and other health issues. *Id.* ¶ 28. Dr. Clements noted that Small's medical issues were resolving. *Id.* At WCCI, inmates have access to pain relief medication, including Motrin, without a prescription. *Id.* ¶ 29.

Dr. Clements avers that he evaluated Small's injury and determined the course of treatment based on the initial and follow-up x-rays, Small's medical history, and the fact noted in the medical records that Small displayed good range of motion in his hand and fingers. *Id.* ¶ 32. He determined that Small had a minor fracture in his hand and found no evidence requiring application of a hard cast. *Id.* ¶¶ 33-34. Calcification at or near the site of a bone fracture is a normal part of the healing process and can result in a noticeable growth or bump under the skin at the fracture site. *Id.* ¶ 38.

**Discussion**

Dr. Clements seeks summary judgment on the grounds that Small fails to state a cognizable claim for deliberate indifference to a serious medical need and, alternatively, that he is protected by qualified immunity.

"The Eighth Amendment forbids deliberate indifference to serious medical needs of prisoners." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks omitted). To establish a claim for deliberate indifference to a serious medical need, Small must demonstrate two distinct elements. The first element is objective; "the alleged deprivation of adequate medical care must be sufficiently serious." *Id.* (internal quotation marks omitted). Under this objective element, a court must determine first, "whether the prisoner was actually deprived of adequate medical care," and second, "whether the

inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). The provision of adequate medical care is always reasonable and "prison officials who act reasonably cannot be found liable." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Small must also establish that his medical needs, "either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). "There is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). Nevertheless, the Second Circuit has presented "a non-exhaustive list" of factors to consider: "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

In the context of deliberate indifference claims, courts distinguish between situations where no medical attention is given and situations where medical attention is given but is claimed to be objectively inadequate. In the former, which is not implicated in this case, the court need only "examine whether the inmate's medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280. In the latter, however, the inquiry focuses on "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract[.]" *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702-3).

The second element is subjective; the defendant "must be subjectively reckless in [his] denial of medical care." *Spavone*, 719 F.3d at 138. The inquiry is whether the defendant knew

6

about and disregarded an excessive risk to the plaintiff's health or safety. The Defendant must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm to the inmate existed. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (defendant must have acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result.") (internal quotation marks omitted); *see also Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In contrast, "mere medical malpractice is not tantamount to deliberate indifference," unless "the malpractice involves culpable recklessness, i.e., a conscious disregard of a substantial risk of serious harm." *Chance*, 143 F.3d at 703 (internal quotation marks and citation omitted). Further, "mere disagreement over the proper treatment does not create a constitutional claim," and "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.; see also Hathaway v. Coughlin*, 37 F.3d 63, 70 (2d Cir. 1994) ("We do not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidenced mere disagreement with considered medical judgment, we will not second guess the doctors.").

Small testified at his deposition that his claim derives from Dr. Clements' use of a foam splint instead of a hard cast. Def.'s Mem. Ex. C, Doc. No. 29-5 at 18, ll. 15-20. In addition, Small alleges that Dr. Clements did not ensure that a follow-up x-ray was taken. Applying the principles set forth above, Dr. Clements has established that there is no genuine issue of material fact as to both the objective and subjective elements of an Eighth Amendment claim.

Objectively, Dr. Clements' avers that the care was adequate insofar as the use of the soft splint was indicated by Smalls' full range of motion and the x-rays which showed a minor injury that was healing in a normal fashion. He has submitted both is own affidavit as well as the Plaintiff's medical records which confirm the course of treatment. Subjectively, there is no genuine issue of material fact that Dr. Clements' treatment did not pose an unreasonable risk of serious injury to Smalls or necessarily that Dr. Clements was aware of any such risk.

In response to the Defendant's motion for summary judgment, Smalls did not submit any evidence with which to support his claims or to counter the Defendant's claims. However, his complaint is verified and the court may treat a verified complaint as an affidavit when reviewing a motion for summary judgment as long as the allegations are made on personal knowledge. *See Curtis v. Cenlar FSB*, 654 F. App'x 17, 20 (2d Cir. 2016) (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)). Small's mere allegation that the foam brace was insufficient to treat the fracture is a conclusion not made on personal knowledge. Small conceded at his deposition that he has no medical training. This conclusory allegation, even though verified, cannot therefore defeat the motion for summary judgment. In addition, Small has not submitted any evidence which tends to show that the calcification in his hand was the result of using a foam brace rather than a hard cast. In sum, Small has not presented any evidence raising a genuine issue of material fact as to his Eighth Amendment claim. The record in fact is clear that Smalls' claim derives from a disagreement over treatment or, at most, negligence on the part of Dr. Clements. *Burgess v. Wright*, No. 9:08-cv-725(GLS/DRH), 2009 WL 2971538, at *8 (N.D.N.Y. Sept. 11, 2009) (inmate's belief that he should have been provided cast rather than splint and bandages for broken finger represents disagreement over treatment and, even if incorrect,

treatment was at most negligence).

**Conclusion**

Dr. Clements' motion for summary judgment [**Doc. No. 29**] is **GRANTED.** The Clerk is directed to enter judgment in favor of Dr. Clements and close this case.

**SO ORDERED** this 5th day of November 2019 at Bridgeport, Connecticut.

/s/
Kari A. Dooley
United States District Judge